Morning, Andy Waldara here on behalf of Appellants, who I will collectively refer to as Featherston. And if you hear the acronym FPA, that is Appellee First Pocatello Associates, LP. Okay. Standing before you is a question of first and second. One second. Is his microphone up? I'm not – okay, great, thank you. Sorry? And at the outset, I do intend to save five minutes for rebuttal, but best laid plans of mice and men. Standing before you is a question of state law first impression under Idaho law regarding whether a property real parcel number satisfies Idaho's by reference option for describing property in a – Standing alone. Excuse me? Standing alone, the parcel number standing alone, whether that satisfies it? Or you're saying that plus parole evidence, which the statute says you can't consult? No, the real parcel number serves as a record within it incorporating other outside evidence that is not parole evidence. Impermissible parole evidence in the context of the statute of frauds is the subjective intent or understanding of the parties supplementing or amending the legal description at issue. Help me out, if you will. As I understand what – I think Judge Benson decided the case, and he found, if I recall correctly, that Idaho parcel map references are not exact. They're not like you would have like in – I'm a Californian, and there we'd say it's a parcel number, so-and-so, page number, so-and-so, so-and-so, and that's all backed up by a meets and bounds description. If I understood the record correctly here, that's not what you have here. You have a pretty substantial piece of property, and if you were – if I were a surveyor and I went out there and I took that, I could not tell exactly what parcel is covered. Is that correct? I submit that's incorrect. Okay. And I submit that that's incorrect because the real parcel number at issue in this case clearly archives and retrieves within it Bannock County Instrument Number 99018377, which is the 1990 – excuse me, 1999 corporate warranty deed that does have the precise meets and bounds legal description. The only way you got to the deed from the RPN is through this parcel master inquiry, right? Because the RPN and the agreement don't reference the deed, so you need something to get from this number over to the deed, right? That's correct. The real parcel number is the record under Idaho law from which a complete legal description can be had consistent with the Allen Rule. But what you have to do, as I understand it, is you enter the RPN at the county's website or the county recorder's office. Then you find a relevant deed number, and then you have a relevant deed number. You can pull up the deed from the county recorder's office, and then from that deed you can pull up the sufficient legal description. Is that correct? That is correct, Your Honor. I mean, having done it, so I thought that was probably correct. You are? But then at that point, it doesn't seem to me that the RPN is a record. It's merely an identifier, something used to label a record or organize the records. Well, an RPN in and of itself under a number of Idaho statutes clearly is a record under Idaho law, whether it be Title 63, Chapter 2, which would be 202 as a number. I mean, I'm having a tough time understanding how that's a record. It's something I use as a starting point for the search of additional extrinsic evidence that actually contains the exact description of the property. And that is consistent with the Allen Rule under Idaho law. Idaho law provides a multi-step process. It's not a one additional step process. Rather, the language of Allen, as well as Benton Trust, is expansive. Well, it doesn't give a description. It only references documents that give the description, right? Correct. An RPN, there are two different things. I'm just trying to make sure that I understand what your argument here is. Now, let me ask you another question. We're really focusing on the RPN. That's not what you said before the district court, correct? You weren't after an RPN at the district court. You made a different argument. That, I respectfully submit, is incorrect. Well, but just a minute. In the district court, you argued there were three identifiers, a street address, an RPN, and a site map, and that they all collectively provided the exact description. And in this instance, the focus is on the RPN because that is the record under Idaho state law that leads you to the meets and bounds description. So are you waiving these others? No. No. If I may. Well, if I may. I'm trying to figure out. You don't answer my question. As you see in our briefing, and specifically I can point you to it in our reply brief, page three, footnote one. We've never said that the RPN is standing alone. The purchase and sale agreement does identify the city, the county, the state. The RPN is an additional record referenced expressly as the legal description. And please bear in mind that an RPN under administrative rule 219 of the tax commission, those letters, numbers, and digits in their position themselves convey information, section, town, range, city, county, but in addition lead you to the deed. How is this different than the address? Because the Idaho Supreme Court has told us the address is not enough, even if you could take the address and start to find some other information. So how is an RPN different from an address? Well, a common street address, I'm not aware of being any kind of statutory obligation under Idaho law that a county or any other body, corporate, or politic maintain street address. And perhaps the simplest example of making the distinction of the fact that those two items are different from one another serving different purposes is excerpts of record 275 through 278. 275 being the RPN at issue in this particular case that has an address, 669 West Quinn. However, if you look at 276, 277, and 278, these are three distinctly different parcels of land with three distinctly different real parcel numbers that do not have a street address. Clearly street address and real parcel numbers are two different things serving different purposes. Is it your position, and I apologize if I seem to be repeating the question that I asked before, is it your position that without reference to parole evidence, that a surveyor looking at what you have in the document, the purchase and sale agreement, they could, by looking at the document's reference there, could run an exact meets and bounds description of the totality of the property involved here? If a surveyor was using the contract itself, that answer is no. But you are reading out of Idaho law the entirety of the by reference option, which is exactly what the district court did here, which is exactly what FPA even concedes at page 24 of its response. The district court was clear on page, excerpt of record 61, lines 4 through 21. I was focused on the agreement itself, its exhibits and attachments. The focus was on the documents themselves, the contract itself, and that's the problem. Idaho law says that you can either describe a property in a purchase and sale agreement either by terms or by reference to some external or extrinsic document. Now, I understand that there's potential confusion here over what is impermissible extrinsic or parole evidence versus permissible extrinsic or parole evidence. You can't have a by reference option under law that does not include some form of external or extrinsic evidence. I guess the difficulty here is that even if it would be permissible to do what you're saying, when you actually go and look at what you brought forward, you brought forward this parcel master inquiry, you then use that to get us to the deed. But the parcel master inquiry contains all this other information about tax lot numbers, the deed itself, references different RPNs, and so you've come forward with something, but the standard is that we have to know the exact property description, and there's a lot of information here that's not explained. Well, that doesn't necessarily mean that all of the information in either the parcel inquiry report or the contents of the, excuse me, this name slipped my mind, the Smith Declaration at excerpts of record 218 through 229, that doesn't mean all of that information is relevant. What is relevant under the law is whether it's a record from which a complete legal description can be had. If it is a record from which a complete legal description can be had, in this instance, the deed instrument number, I submit that that qualifies. Could it go back several different deeds? So, for example, if you refer to the RPN, you say that by looking at the tax records that they may refer to a warranty deed. That doesn't have something complete, but that refers to an earlier warranty deed. And another one goes, say, 10 back. You have to go 10 back to get a full meets and bounds. Is that enough? No, you don't have to go 10 back. I'm just saying hypothetically. Could it work? Well, let me first answer the question that doesn't require a hypothetical answer. They don't like my question. Well, not necessarily. The fact of the matter is that the real parcel number available in this instance under Title 63, Chapter 2 of Idaho Code, ties to a specific piece of property, and it is supported by a meets and bounds description. Where? So that is where, excuse me, that is where under Idaho Code Section 63-210 and 219, when a property is supported by a meets and bounds legal description, that is when you get tax lot numbers further identified under the RPN. You're kind of circular. You're saying when it's supported, and I'm saying how do you get to the meets and bounds description from what you had in the TLC? Because the database entry of the real parcel number leads you directly to that deed. And in this instance, and I apologize if I was confusing, the point is when you have a meets and bounds described property, that real parcel number by law is required to have behind it that meets and bounds legal description. Okay. Let me, again, I'm a Californian. If you went to the text map in California, it would not contain a full meets and bounds description. It would be a partial meets and bounds description. You're telling me that in Idaho it is complete. How many acres are we involved here? The real parcel number at issue here is 138.52 acres. Okay. And is this in town? It's out in the wilderness, right? Basically it's out in the countryside. In this specific instance, no, this is land within the city of Pocatello. Okay. All right. So in this case then. I was going to say it wouldn't be wilderness to you, but it is in the city of Pocatello. Okay. We'll stipulate. It's all a matter of scale. We'll stipulate that. But it's not a lot where you have homes and so on. It's kind of out there. You're probably going to develop it. But the bottom line is you're telling me that under Idaho law that the meets and bounds description associated with a tax parcel is a complete meets and bounds description so that my hypothetical surveyor could take that, go out, and be able to perform an exact survey. That is correct, including the exclusions, because that meets and bounds legal description is what allows a tax number be assigned by statute under Idaho law. It's a requirement. If you wind up with tax lots, that means you have a precise meets and bounds legal description. So in closing, as I notice I'm about a minute and a half out, I urge the court to take a look particularly at the Allen Rule and Benton Trust. These are cases that say anything from which property location can be ascertained satisfies Idaho statutes of fraud. In Benton Trust in particular in 2016. And as I understand it, when we're in this particular instance, we're not looking just at the RPN. We're now looking at the street address and the attached site map. I'm not relying on the attached site map because, frankly, that attached site map didn't do anybody any good. Okay, so we're back to the street address and the RPN? You are streeted. Well, I'm not even relying on street address because there's an error in the street address. I am relying on city, state, county, and the RPN, which is more complete than what was at issue in Ray, which is far more complete than what was at issue in Allen. Well, I'm just trying to make sure because that's what I tried to ask you about before, and you got kind of worried about it. So I just wanted to make sure where I was. No, I think our briefing fairly states that we are also supplying city, county, and state, which were descriptors that were missing in Allen. Do you want to save your 27 seconds? That's all right. I just encourage the court to take a look at Allen because that's 1909 language that is elegant in its simplicity and flexibility, accommodating modern record-keeping, excuse me, generation and record-keeping practices, and it's a from which standard, not, and in which standard. I'm not asking this court to rewrite binding Idaho precedent. I'm just asking you to follow it. Thank you. Thank you very much. May it please the court, my name is Howard Burnett, representing the appellee, First Pocatello Associates. Preliminary matter, your Honor asked my opposing counsel how many acres were involved. He said 138 point something acres. As was pointed out in our briefing response to the motion for the court to take judicial notice of some parcel maps, we pointed out that if you added up the acres that are shown on the parcel master, I'm sorry, on that document itself, the sub-lots, it actually comes out to 148.91 acres. There's an inconsistency within those documents. The allegation. How many? 148.91. Indeed, the complaint in this matter, I believe, alleges that it's approximately 150 acres. Those acreage differences mean something here because of the inconsistencies, and I'd like to address some of those points that have been addressed by the panel with my opposing counsel. It strikes me that the appellants here have attempted to transform the underlying document, the core document, the agreement into something that's far different from what Judge Benson looked at in its substantive content. They've also minimized to the point of extinction this reference to the interim document called the parcel master inquiry, and its importance here, and then they've attempted to reinterpret and restructure for the Idaho Supreme Court itself what its own pronouncements have been concerning the requirements of property descriptions under the Idaho statute of frauds. Specifically, on the face of the agreement, this is at page ER198, where it says the property is commonly known as blank. What's typed in that blank is 669 Quinn Road, which was incomplete and therefore incorrect. It should have been 669 West Quinn Road, followed by the city, Pocatello, the county, Bannock, Idaho, 83201. In other words, and this is important, the references to the city of Pocatello and the county of Bannock and the state of Idaho and the zip code are part of the denoted physical address of the property, nothing more than that. Then in a subsequent blank line immediately following the entirely separate preprinted phrase on line 12 of that RE23 agreement, there's simply a typed in 11 character alphanumeric entry, which I won't read but is in the record. Nothing more than that. No descriptive modifiers of any sort appear next to that alphanumeric entry anywhere on line 13 of the contract. And then finally, in a further subsequent blank line immediately following the disjunctive phrase or legal description attached as exhibit blank, there's a reference to a site map. So through sheer force of repetition in the briefing and this morning, the appellants would like to have this court perceive that the blank at the end of the line after the preprinted phrase legally described as contains some kind of broad, fulsome phrase like Bannock County, Idaho, real parcel number, RPN, RPCPP, et cetera. Counsel, can you help me with something? If I understand the record correctly, your party is the seller. Correct. Correct? Correct. Okay. Normally sellers would be involved in the preparation of contracts. Were you not involved in other than signing? Was your client involved in the preparation of this contract? The agreement was prepared by a realtor and presented to the parties. They're helpful. Yeah. Right. But your client went to the closing, right? My client wanted to sell the property. My client went to the closing as described in our brief. There were indications as we moved toward closing that this particular buyer had no means to close on this property. Nonetheless, we wanted to try to sell it. So we did submit all the paperwork, my client did, to the title company, showed up at the closing, was prepared to sell the property for the designated price at that point. The buyer did not show up but instead filed the lawsuit. You have arguments, obviously, under Idaho law that you're referencing, but when you went to the closing, presumably your client knew what property he was selling. Correct, Your Honor. My client wanted to sell the entirety of his Gateway West Industrial Center. The only reason the statute of frauds issue was raised as a defense was when we were sued. It was a response to that. One of two things would have prevented us from being here today. Either Roger Featherston, the purported buyer, had the money and was able to close on the property, or the agreement at issue had attached a legal meets and bounds description of the property. If either of those things had happened, we wouldn't be here today. But the appellants would like this court to perceive that there appears this fulsome phrase, but it doesn't. And there's just this freestanding alphanumeric entry, and Judge Benson correctly found, in our view, that alone is not a clear and unambiguous reference to any county records. At the same time, and this goes to an issue the panel has raised, the appellants would like to pretend and have this court join them that there are no other property descriptors on the page, namely an incorrect street address and a sitemap that's attached that Judge Benson, again, found to contain inconsistent information. And, in fact, it says that sitemap is attached after the disjunctive phrase or legal description attached as blank. Both sides of the blank, both blanks on either side of the word or are filled in. Logic dictates, it seems to me, that they have to be the same. If it's one or the other, but both are filled in, they have to be the same. And if they're not, that goes to the confusion that this particular contract did not, as required by Idaho law, exactly describe the property to be transferred. Counselor, as I look at this, you have somebody who may be a really nice person, but obviously not a lawyer, blew it. They blew the legal description. Perhaps initially neither party knew that. So what do we do in a contract where an essential term of a contract is inadequate, neither party knows it, and the person who drew it is neither one of the parties? This is a matter of contract law. What do we do? Well, I don't think here you can reform it because what we're bound by are the requirements of the Idaho statute of frauds. It ultimately comes back to that. And the only relevant evidence in that respect is the agreement itself and any extrinsic evidence directly referred to in the agreement. That's the standard of the Idaho Supreme Court. And Judge Benson carefully analyzed all of this and said this agreement does not contain an exact description of the property. And he even went so far with respect to the parcel master inquiry that Judge Bress has mentioned a couple of times to say, I'll take judicial notice of that. It's something that you can get. But even when you go to the parcel master inquiry, it contains a dozen or 15 line items and data points. It doesn't provide an exact description of the property. What if the parcel master inquiry did have a specific meets and bounds description on it? Would your argument be different? I don't think so because, again, I don't think that the freestanding alphanumeric entry on there, as Judge Benson found, is not a clear and unambiguous reference to county records. I just don't think you can get to that point of even looking for one of those line items that will say, oh, well, there's a reference to a deed number. Keep in mind that Judge Benson, when he looked at that parcel master inquiry, he did a perfectly reasonable thing. He focused on a caption in there that says legal description. And then he looked at the tax parcels under their various tax lots listed under that legal description caption. And he said, I see that, but I don't see any legal description of the property. I don't see any meets and bounds. So at best, if you get to the parcel master inquiry, it still doesn't tell you what you need to know under Idaho's statute of frauds about the exact description of the property. Finally, I want to address, if I may, what I view as the appellant's attempt to redefine and restructure for the Idaho Supreme Court what its pronouncements are as to the requirements for legal descriptions or for property descriptions in real estate contracts. The Allen case decided in 1909 said, use this language. It said in the Allen case, it said, in the case at bar, there is no reference to any record or external or extrinsic description from which a complete description could be had. It's that phrase that appellants have seized on and said, well, that must be the controlling standard in Idaho, and thereby throws open the door or opens the umbrella or whatever metaphor we want to use to any multi-step process by which you can eventually track down a deed that in some way relates to and may have a legal description, meets and bounds description of some property. Before I forget to mention it, that doesn't solve the problem here because the agreement only referred to a single parcel number. As the record is clear, this is a multi-parcel property. It, within its external boundaries, comprises five different parcels, only four of which are owned by my client. And so if you look for a cross-referenced deed and legal description with respect to a single parcel, they are not coextensive. In our briefing, we showed that the actual acreage of the property is greater than the acreage of the single parcel number that's referred to in the contract. If that's the case, that not only leads to confusion, it could lead to mischief in these kinds of transactions. But in any event, the appellants have invoked what they've labeled for themselves the Allen Rule from the 1909 case. But that so-called rule, I don't think it exists at all, flies in the face of what the Supreme Court itself actually said in the seminal case in 2009 of Ray versus Frazier. It said, in Allen, we indicated that a contract that references any record or external or extrinsic description from which a complete description could be had sufficiently describes the real property for purposes of the statute of frauds. In the very next sentence, the court said, the contract in Allen neither contained a complete description of the real property nor referred to any external record containing a sufficient description. In the very next paragraph, court says, this again is 2009 case in Ray, our approach in Allen required that the contract either contain a sufficient description of the real property or refer to an external record containing a sufficient property description. So in explaining what the court itself meant in the Allen case, the Ray opinion makes clear that in using the words contain or containing four times in two sentences to describe what they meant in Allen, that Allen was expressly construed by the auto Supreme Court itself to mean containing. You can't just go through a multiple process to find something that may work. In this case, of course, we know that the agreement does not contain a legal description. The freestanding alphanumeric identifier that's in there does not itself contain a legal description. Do I understand correctly that you have several parcels involved here so that the reference to a single parcel would be inadequate to describe the entire property? Correct. Okay. Correct. And I suppose one way to test that would be if everything were to change suddenly and the appellants were able to close tomorrow in the purchase of this property, would they accept back a deed that simply made a reference to a single parcel number? I suggest that they would not, and rightly so, because it is not coextensive with the prior deed that defines the entirety of the property. Interestingly, in their attempt here in this court to escape the Idaho Supreme Court's own unambiguous statement in 2009 as to what the approach in the Allen case actually meant, the appellants have said in their reply brief, this is footnote five, an interesting footnote, five on page 15 of their reply brief. They've said, to the extent the Ray court's use of the term contain can be read as modifying and further refining the from which language of Allen, the totality of the Ray opinion demonstrates that any modification to the Allen approach was unintentional. Well, I don't know how the appellants are able to divine what the Idaho Supreme Court did not intend to do when it used repeatedly very expressed language, contain and containing, used repeatedly and I think intended to be used repeatedly to establish very clearly what Idaho's standards are for property descriptions in real estate contracts. I have one final question. Does the fact that the potential buyers do not have the resources to comply with the contract, does that play any role at all in this decision? It's a contextual fact, but no, ultimately the decision has to boil down to did this agreement comply with the Idaho statute of frauds. With that, we respectfully request that the panel affirm Judge Benson's rulings below. Thank you. Thanks to both counsel for your argument. We appreciate it. The case just argued is submitted.
judges: M. Smith, Jr., N.R. Smith, Bress